UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>MICHAEL SMOAK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.: 5:16-cr-00975-JMC |

**MOTION FOR A SENTENCE OUTSIDE OF THE UNITED STATES SENTENCING GUIDELINES (U.S.S.G.) AND SENTENCING MEMORANDUM**

**MOTION**

The above-named Defendant, by and through his undersigned counsel, hereby moves before this Honorable Court for a sentence outside the United States Sentencing Guidelines (U.S.S.G.).

**SENTENCING MEMORANDUM**

The Defendant further submits the incorporated Sentencing Memorandum in support of this motion.

**FACUTUAL BACKGROUND**

On December 20, 2016, the Defendant was indicted in the above-captioned matter. On January 4, 2017, the Defendant had an initial appearance before United States Magistrate Judge Paige J. Gossett. The Defendant received a $50,000.00 unsecured bond.

On August 30, 2017, the Defendant pled guilty to the following charges in the Indictment: Court 1, Conspiracy to Bank and Mail Fraud in violation of 18 U.S.C. §§1341, 1344, and 1349.

Pursuant to 18 U.S.C. 1341, 1344, and 1349, the statutory penalty is a maximum of 30 years of imprisonment. The maximum fine is $1,000, 000.00 pursuant to 18 U.S.C. §§1344 and 1349. 18 USC §3583 authorizes a term of supervised release of not more than 5years. The Defendant is not eligible for

probation pursuant to 18 U.S.C. §§3561(a)(1). 18 U.S.C. §§3663A requires that the Defendant be ordered to pay restitution.

According to the Defendant's Presentence Investigation Report (PSR), The Defendant has 3 criminal history points, a criminal history category of II, a total offense of level of 21, and a sentencing guideline range of 41 to 51 months.

**ARGUMENT**

The Court must utilize the 18 U.S.C. 3553(A) sentencing factors to determine "a not greater than necessary sentence". The Court can impose a sentence that is determined to be reasonable based upon the sentencing factors.

The Defendant contends that a sentence that is "sufficient, but not greater than necessary" to accomplish the sentencing consideration outlined in 18 U.S.C. §3553 (a) warrants a reduction in sentencing.

18 U.S.C. § 3553 directs the Court to consider the following factors in deciding the appropriate sentence to impose:

1. the nature and circumstance of the offense and the history and characteristics of the defendant:
2. the need for a sentence imposed,
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence for criminal conduct;
   C. to protect the public from further crimes of the defendant;
   D. to provide the defendants with needed educational and vocational training, medical care or other corrective treatment in the most effective manner.

**I. Nature and Circumstance of the Offense**

Beginning in July 2012, the Defendant along with four (4) co-Defendants, conspired to defraud financial institutions and others and to obtain property under the control and custody of

financial institutions and others by means of false and fraudulent representations within the district of South Carolina.

## II. History and Characteristics of Defendant

The Defendant is a United States citizen and resident of the State of South Carolina. The Defendant has two (2) siblings. The Defendant has five (5) children. The Defendant is married.

## III. Sentencing Requirements

### 18 U.S.C. §3553

The Court must consider a sentence which is sufficient to "reflect the seriousness of the offense." A court must always consider whether a sentence provides "just punishment for the offense," but 18 U.S.C. §3583 (a) cautions that this concern must be balanced with the requirement that the sentence be "sufficient, but not greater than necessary." A sentence imposed should "afford adequate deterrence for criminal conduct." The Defendant's arrest has deterred him from engaging any further criminal activities. The U.S.S.G. imprisonment range is 41 to 51 months is adequate "to protect the public from further crimes of the defendant.". While a sentence at the U.S.S.G. minimum is sufficient to accomplish the sentencing goals outlined in 18 U.S.C. §3553, the Defendant request a sentence of sufficiently less time to allow the Defendant return to home and work to pay the restitution owed.

District courts are to give consideration to the guideline as advisory only. Sentences are no longer being controlled entirely by the guidelines. After *Gall vs. United States,* 128 S. Ct. 586 (2007), a sentencing judge's decision is to be exercised in light of a juxtaposition of the guidelines and the factors enumerated in 18 U.S.C. §3553 (a). In light of *Gall,* The Fourth Circuit in *United States vs. Pauley,* 511 F. 3d 468, 473-74 (4th Cir., 2007) laid out the procedure for district courts in sentencing proceedings.

In this case, the Defendant believes that the Court can consider the 18 U.S.C. 3553 (a) factors.

## CONCLUSION

The Court must utilize the 18 U.S.C. §3553(a) sentencing factors to determine "a not greater than necessary sentence". The Court can impose a sentence that is determined to be reasonable based upon the sentencing factors. A sentence at the U.S.S.G. minimum imprisonment range of 41 months achieves the goals set forth in 18 U.S.C. §3553, however a sentence of less than 41 months provides the Defendant an earlier opportunity to return to the workforce and pay the restitution owed to the victims.

Respectfully Submitted,

s/ Russell O. Brown
Russell O. Brown
USDC-DSC Id #9597
P.O. Box 134
Columbia, SC 29202
Telephone: (803) 771-4003
Facsimile: (803) 254-5798
Email: rbrown@robrownlawfirm.com

Attorney for Defendant
MICHAEL SMOAK

Columbia, South Carolina

July 5, 2018